Howard Marc Spector
TBA #00785023
Nathan M. Johnson
TBA # 00787779
SPECTOR & JOHNSON, PLLC
12770 Coit Road, Suite 1100
Dallas, Texas 75251
Phone: (214) 365-5377
Fax: (214) 237-3380
Email: hspector@spectorjohnson.com

COUNSEL FOR CIENA CAPITAL FUNDING, LLC

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| JONESBORO HOSPITALITY, LLC | § | CASE NO. 17-40311 |
| | § | |
| **Debtor** | § | |

**EXPEDITED MOTION TO APPROVE SALE OF REAL AND PERSONAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES**

COMES NOW, Ciena Capital Funding, LLC, as Servicer for Bank of New York Mellon Trust Company, N.A. f/k/a The Bank of New York Trust Company, N.A. (the "**Lender**"), files this Motion to Approve Sale of Real and Personal Property Free and Clear of Liens, Claims and Encumbrances (the "**Motion**"). In support of the Motion, Lender states as follows:

1. The Court has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334. The Motion presents a core proceeding pursuant to 28 U.S.C. § 157(B)(2)(A), (B), (L), (N) and (O).

2. The statutory predicate for the relief requested in this Motion is 11 U.S.C. § 363(f).

3. On February 15, 2017 the Debtor commenced its Chapter 11 case.

4. On December 15, 2017, Lender, as proponent, filed the Combined Plan of

Liquidation and Disclosure Statement ([Docket No. 106], the "Plan").

5. On April 6, 2018, this Court entered that certain Order Confirming Plan of Liquidation Under Chapter 11 of the Bankruptcy Code ([Docket No. 136], the "Confirmation Order") which provided a mechanism for the sale of substantially all of the real and personal property of the Debtor, including the Debtor's principal asset—a hotel located in Jonesboro, Arkansas. The sale was to be conducted by an auction, post confirmation.

6. Under the Plan, the Court retained jurisdiction for the following purposes:

- to modify the Plan pursuant to the Bankruptcy Rules[1] and the Bankruptcy Code;
- to enter such orders, including injunctions, as are necessary to enforce the title, rights, and powers of the parties provided authority under the Plan;
- to correct any defect, cure any omission, or reconcile any inconsistency in the Plan. . . so that the intended effect of the Plan may be substantially realized thereby;
- to adjudicate disputes which may arise in connection with the Auction or closing of the sale of the Hotel;
- to ensure that distributions to holders of Allowed Claims are accomplished as provided herein; and
- to enter and implement such orders as may be necessary or appropriate to execute, interpret, implement, consummate, or enforce the Plan and the transactions contemplated thereunder including the Auction and the sale of the Auctioned Property.

7. The known lienholders of record, at the time of confirmation, were those of Lender, Internal Revenue Service, State of Arkansas, and Craighead County, Arkansas.

8. The Auction has been concluded. The Auction produced sufficient proceeds to fund the Net Proceeds Carve Out, to pay the Allowed Secured Claims of Craighead County in full, and to pay the Allowed Secured Claims of Lender, in part.

9. The Plan was negotiated with the Internal Revenue Service, and the Arkansas state agency holding the most significant claim against the Debtor —the Arkansas Department of

---

[1] Unless defined herein, capitalized terms used herein shall have the meanings ascribed to such terms in the Plan.

Finance. However, another Arkansas state agency —the Arkansas Department of Workforce Services— also appears to have recorded liens encumbering the Auctioned Property. The Plan was served upon the Attorney General for the State of Arkansas and was confirmed without objection.

10. Pursuant to Bankruptcy Code § 363(f), Lender seeks authority under the Plan for the Auctioneer to close the sale of the Auctioned Property free and clear of all liens, claims and interests. Bankruptcy Code § 363(f) provides, in pertinent part:

> The trustee[2] may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if –
>
> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
>
> (2) such entity consents;
>
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> (4) such interest is in bona fide dispute; or
>
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f). *See also In re Elliot*, 94 B.R. 343, 345 (E.D. Pa. 1988) (holding that because Bankruptcy Code § 363(f) is written in the disjunctive, a court may approve a sale "free and clear" if at least one of the requirements is met). Lender submits that subsections (3) apply in this case since the purchase price achieved at the Auction is greater than the value of the liens encumbering the Auctioned Property.

11. Because the bidder at the Auction is a third party, and the price realized at the Auction represents an arms-length transaction, Lender submits that the Buyer (as defined below) is entitled to the protections afforded to good-faith purchasers pursuant to Section 363(m) of the

---

[2] Under the Plan, the Auctioneer was appointed the representative of the Debtor for purposes of transferring title to the Auctioned Property.

Bankruptcy Code. Lender also requests the 14-day period provided in F.R.B.P. 6004(h) be waived.

12. To ensure that the sale of the Auctioned Property closes and that all parties' rights are preserved, the Debtor requests that this Court authorize the Auctioneer, or any title company acting pursuant to the authority of the Confirmation Order or the order granting this Motion, to close the sale of the Auctioned Property; to vest title in the Buyer free and clear of all liens, claims and encumbrances whatsoever, save and except current year property taxes which will be pro-rated; and remit to the Lender all sale proceeds in excess of those necessary to fully satisfy the Allowed Secured Claims of Craighead County and closing costs (including the fees of the Auctioneer).

13. Pursuant to Local Rule 6004, the name of the proposed purchaser of the Auctioned Property is: Naziroddin J. Kazi (or any person or entity designated by same, including but limited to, AS-Sami, LLC, an Arkansas limited liability company, the "Buyer"). The proposed purchase amount is $1,872,500.00. The sale price will fund the payment of all Allowed Secured Claims of Craighead County, the Net Proceeds Carve Out, with the remainder of the sale proceeds being distributed in partial satisfaction of Lender's Allowed Secured Claim. All fees and costs of sale will be borne by the Lender inasmuch as they reduce the distribution on Lender's Allowed Secured Claim. The other known names and addresses of lienholders of record are as follows:

| Internal Revenue Service<br>Centralized Insolvency<br>Operations<br>P.O. Box 7346<br>Philadelphia, PA 19101 | Arkansas Department of<br>Finance and Admin.<br>Legal Counsel Room 2380<br>P O Box 1272<br>Little Rock, AR 72203 | Arkansas Dept. of Workforce<br>Services<br>2 Capitol Mall,<br>Little Rock, AR 72201 |

WHEREFORE PREMISES CONSIDERED, the Lender requests that the Court enter an order approving the sale of the Auctioned Property free and clear of all liens, claims and encumbrances as described herein and directing the payment of certain claims as provided in the Plan and granting Lender all other relief as is just.

Respectfully submitted,

By:   */s/ Howard Marc Spector*
Howard Marc Spector
TBA #00785023
Nathan M. Johnson
TBA #00787779

SPECTOR & JOHNSON, PLLC
Banner Place, Suite 1100
12770 Coit Road
Dallas, Texas 75251
(214) 365-5377
FAX: (214) 237-3380
EMAIL: hspector@spectorjohnson.com

COUNSEL FOR CIENA CAPITAL FUNDING, LLC

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing pleading was served via U.S. First Class Mail to the parties on the attached service list and via electronic means to all parties who receive ECF notice in this case on August 15, 2018.

*/s/  Howard Marc Spector*
Howard Marc Spector